# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>                  **Plaintiff,**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  **Defendant.** | Civ. No. 16-9537 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    Mr. Manuel Lampon-Paz brings this, his second action requesting that the court order "an immediate decision on my appeal" by the Social Security Administration regarding his disability claims. (Compl. 2).[1] The Commissioner of Social Security seeks to dismiss the claim, stating that this Court does not have jurisdiction because Mr. Lampon-Paz has not exhausted his administrative remedies and there has been no "final decision ... after a hearing" in this case as required by the Social Security Act, 42 U.S.C. § 405(g).

---

[1]     Citations to the record are abbreviated as follows:

    "Compl." = Complaint (ECF no. 1), cited by page number.

    "Def. Br." = Memorandum in Support of Defendant's Motion to Dismiss
           Plaintiff's Complaint (ECF no. 7)

    "Gremillion Decl." = Declaration of Lillian Gremillion (ECF no. 7-1)

    "Pl. Br." = Response to Motion to Dismiss (ECF no. 8)

1

I.  **BACKGROUND**

Mr. Lampon-Paz is a former federal government employee, currently on disability-related retirement and receiving a monthly annuity. (*See* Compl. pp. 10, 15 (citing earlier litigation)). On September 4, 2015, Mr. Lampon-Paz submitted an application for Title II Disability Insurance Benefits ("DIB"). (Gremillion Decl. ¶ 3(a)). The application was denied on November 23, 2015 and again, upon reconsideration, on January 26, 2016. (Gremillion Decl. ¶ 3(a)). On February 2, 2016, Mr. Lampon-Paz filed a request for a hearing before an administrative law judge ("ALJ"). (Gremillion Decl. ¶ 3(b)). The last filing before this Court indicated that the request for a hearing was still pending. (*See* Def. Br. 1).[2]

Mr. Lampon-Paz instituted a civil action in this Court on August 15, 2016, raising a number of matters. *Lampon-Paz v. Social Security Administration,* No. 16-5052. One of them was a request that this Court reverse the Social Security's denial of expedited treatment. (*See* Complaint, ECF no. 1) By order I disposed of the matter for lack of jurisdiction. (*Id.* ECF no. 9) On appeal, the United States Court of Appeals for the Third Circuit affirmed my ruling that this Court lacked jurisdiction under 42 U.S.C. §§ 405(g), (h), and 1383(c)(3), for want of a final order. The Court of Appeals added that, if mandamus jurisdiction were proper, it would not be warranted on the facts of the case. *Lampon-Paz v. Commissioner of Social Security,* No. 16-3580, 669 F. App'x 71 (3d Cir. Sept. 26, 2016).

Three months later, on December 28, 2016, Mr. Lampon-Paz instituted this, his second civil action in this court requesting that the court order "an immediate decision" by the Social Security Administration regarding his disability claims. (Compl. 2). This complaint asserts jurisdiction under 42 U.S.C. § 1983, alleging a deprivation of civil rights, and 28 U.S.C. § 1361, seeking mandamus relief. (Compl. 1). The complaint cites the Social Security

---

2   That request for a hearing is seemingly the "appeal" to which the Complaint refers.

2

regulations and medical records, alleging that Mr. Lampon-Paz has several impairments, including four disc herniations, two missing or degenerated discs, spinal stenosis, radiculopathy, joint pain, fibromyalgia, and osteophytic ridge. (Compl. 3) The Complaint states that Mr. Lampon-Paz is unable to work, was experiencing homelessness, and has trouble paying for his medications. (Pl. Br. 2-3). He asks that this court order the Social Security Administration to expedite his case.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true. *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. A factual attack, on the other hand, permits the Court to consider evidence extrinsic to the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*,

3

547 U.S. 332, 342 n.3 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]

> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

The Social Security Administration asserts a facial attack. Therefore, the court will consider only the allegations in the complaint, in the light most favorable to the plaintiff.[3]

### B. District Court Jurisdiction to Review Final SSA Orders

The exclusive jurisdictional basis for judicial review of Social Security cases derives from 42 U.S.C. §§ 405(g), (h), and 1383(c)(3).

---

[3] I have reviewed, not for their truth but for purposes of establishing the procedural history, certain filings in the Social Security administrative case. (*See* Gremillion Decl. Exhibits, ECF no. 7-1 at 4–15) These do no more than confirm the dates of the denials of benefits and the filing of a request for a hearing referred to in the complaint.

4

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....
>
> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h) (emphasis added). The statute thus "clearly limits judicial review" in claims arising under the Social Security Act "to a particular type of agency action, a 'final decision of the Commissioner of Social Security made after a hearing.'" *Califon v. Sanders*, 430 U.S. 99, 108 (1977).

The term "final decision" is undefined in the Act, but its meaning is provided for by the Commissioner of Social Security's regulations. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). These regulations provide that to obtain a judicially reviewable "final decision ... after a hearing," a claimant must pursue administrative appeal rights in accordance with the regulations. *See* 20 C.F.R. § 416.1405 *et seq*. The regulations specifically provide that "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210.

### C. Mandamus

Another potential route to the relief sought by Mr. Lampon-Paz may be a writ of mandamus pursuant to 28 U.S.C. § 1361.

> Mandamus is a drastic remedy that is granted in only extraordinary cases. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d at 378-79.

*In re Balice*, 644 F. App'x 112, 113 (3d. Cir. 2016); *see also Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) ("The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." (citations and internal quotation marks omitted)).

On appeal from this Court's denial of an earlier, similar application by Mr. Lampon-Paz, the Court of Appeals at least admitted the possibility of mandamus jurisdiction in the context of a Social Security case:

> The Supreme Court has declined to decide whether District Courts may exercise mandamus jurisdiction in Social Security cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). But we have exercised mandamus jurisdiction in Social Security cases in other contexts, see Colonial Penn Ins. Co. v. Heckler, 721 F.2d 431, 437 n.2 (3d Cir. 1983), and at least one other court has held that District Courts may exercise mandamus jurisdiction to remedy unreasonable delays by the SSA in resolving claims for benefits, see White v. Mathews, 559 F.2d 852, 855-56 (2d Cir. 1977); see also Fitzgerald, 148 F.3d at 235 (noting that a District Court, in the absence of a final SSA decision, "may well have had jurisdiction" over a claim that the SSA's delay violated due process).

*Lampon-Paz v. Commissioner of Social Security,* No. 16-3580, 669 F. App'x 71 (3d Cir. Sept. 26, 2016) (nevertheless denying relief).

6

## III. DISCUSSION

Mr. Lampon-Paz asserts jurisdiction under 42 U.S.C. § 1983, asserting that the SSA's denial of benefits, or denial of a speedy resolution of his claims, constitutes a deprivation of civil rights. In these respects, his Complaint, which cites the substantive regulations and the medical evidence, closely resembles an ordinary appeal from a denial of benefits. No final order denying benefits, however, has been entered. See Section II.B, *supra*.

On appeal from this Court's dismissal of a substantially similar claim by Mr. Lampon-Paz, the United States Court of Appeals agreed that jurisdiction was lacking:

> Lampon-Paz sought an order requiring the SSA to rule on his application "immediately." His specific prayer for relief was for an order directing the SSA to "grant me my benefits immediately or give reason as to why not."
>
> The District Court dismissed Lampon-Paz's complaint for lack of subject matter jurisdiction under 42 U.S.C. § 405(g). The District Court reasoned that § 405(g) authorizes review only of the SSA's "final decision" and that the SSA's decision not to expedite Lampon-Paz's appeal is not a "final decision" within the meaning of that statute. We agree that the District Court lacked § 405(g) jurisdiction over Lampon-Paz's complaint because his administrative proceeding is not final. See Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). For the same reason, the District Court lacked jurisdiction to the extent that Lampon-Paz sought an order directing the SSA to actually grant his application and pay him benefits.

*Lampon-Paz v. Commissioner of Social Security,* No. 16-3580, 669 F. App'x 71 (3d Cir. Sept. 26, 2016).

The applicable statutes, 42 U.S.C. §§ 405(g), (h) and 1383(c)(3), provide the exclusive grounds for this Court's review of agency action. Now, as before, this Court lacks jurisdiction because there has been no final order.

I give separate consideration, however, to the request for mandamus relief under 28 U.S.C. § 1361. As noted above, *see* Section II.C, in Mr. Lampon-Paz's earlier appeal, the Court of Appeals was willing to at least entertain the

7

possibility of mandamus jurisdiction in an appropriate case, although it denied relief.

Without setting a specific deadline, the Third Circuit's earlier opinion gave some guidance as to delays that might be found so excessive as to justify the intervention of a court:

> Even if the District Court had mandamus jurisdiction, however, mandamus relief was not warranted on the merits. See Ringer, 466 U.S. at 616-17 (holding that mandamus was not appropriate on the merits without deciding existence of mandamus jurisdiction). "[A] writ of mandamus . . . represents an extraordinary remedy" and "a drastic one, to be invoked only in extraordinary situations." Semper v. Gomez, 747 F.3d 229, 251 (3d Cir. 2015) (quotation marks omitted).
>
> In this case, Lampon-Paz complains of the SSA's nine-month delay in deciding his administrative appeal. That delay falls far short of the delays in adjudicating benefits that courts have found problematic in other cases. See, e.g., Littlefield v. Heckler, 824 F.2d 242, 247 (3d Cir. 1987) (rejecting claim based on a nine-month delay and collecting cases granting relief on the basis of an almost four-year delay but denying relief on the basis of delays of, inter alia, 19 months and two years).

*Lampon-Paz*, 669 F. App'x 71.

Mr. Lampon-Paz filed his application for benefits on September 4, 2015. The SSA acted with reasonable dispatch, denying the application on November 23, 2015 and again, upon reconsideration, on January 26, 2016. On February 2, 2016, Mr. Lampon-Paz filed a request for a hearing before an ALJ.

Mr. Lampon-Paz filed this action in December 2016, just three months after the Third Circuit found that relief was not warranted. When it was filed, it therefore had little chance of success. The facts, however, have changed since then; most pertinently, additional time has passed. The facts before me (and neither party has updated them) indicate that Mr. Lampon-Paz's request for a hearing before an ALJ is approaching its second anniversary.

8

Under the authorities cited by the Third Circuit, the two-year mark[4] seems like a reasonable time to at least require the Administration to explain itself. The Court is sympathetic with an agency whose processes may be overburdened. Further, there may be specific reasons for any delays in Mr. Lampon-Paz's case. The brief of the SSA, however, rested on the lack of § 405 jurisdiction, and did not separately address the mandamus point. Thus the SSA did not proffer any facts regarding the status of the delay or the reasons for the delay. I will now require it to do so.

## IV. CONCLUSION

For the foregoing reasons, defendant Social Security Administration's motion to dismiss for lack of jurisdiction is GRANTED IN PART, in that this Court lacks jurisdiction under 42 U.S.C. § 405(g), (h) and 1383(c)(3). It is otherwise DENIED as presented. On or before February 2, 2018, however, the SSA shall submit an affidavit or declaration documenting the reasons for the delay and stating the current status of the request for a hearing and other proceedings in the case.

No opinion is expressed as to the merits of the application for benefits, as to which the SSA retains full authority and discretion.

An appropriate order accompanies this opinion.

Dated: December 26, 2017

**KEVIN MCNULTY**
**United States District Judge**

---

[4] I clarify that, from what is before me, it appears that the applicant has waited two years, not for a final resolution, but merely for a hearing.

9